**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Donald Montgomery, | ) | No. CV 10-2621-PHX-RCB (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles Krull, et al., | ) | |
| Defendants. | ) | |

On December 6, 2010, Plaintiff Donald Montgomery, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*. In a December 14, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On January 5, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 5). The Court will grant the second Application to Proceed and will dismiss the action.

**I.    Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $13.59.  The remainder of

1 the fee will be collected monthly in payments of 20% of the previous month's income each
2 time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will
3 enter a separate Order requiring the appropriate government agency to collect and forward
4 the fees according to the statutory formula.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL

1  2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be
2  held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting
3  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

4  If the Court determines that a pleading could be cured by the allegation of other facts,
5  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
6  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court
7  should not, however, advise the litigant how to cure the defects.  This type of advice "would
8  undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,
9  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
10 required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for
11 failure to state a claim, without leave to amend because the defects cannot be corrected.

12 **III.   Complaint**

13 In his four-count Complaint, Plaintiff sues two attorneys at the Maricopa County
14 Public Defender's Office—Attorney/Supervisor Charles Krull and Attorney Elmer Parker,
15 and two attorneys at the Maricopa County Attorney's Office—Supervisor Andrew Thomas
16 and Attorney Jennifer Brockel.  In each Count, Plaintiff alleges a violation of "U.S.C.A. 5,
17 6, 8, 14.  Title 18 U.S.C.  Title 28 U.S.C. ch. 85 § 1345(a)(1) and (a)(2)  Civil Rights and
18 Elective Franchise Model Pinal Code § 5.03 Conspiracy."

19 In Count One, Plaintiff alleges that Defendant Krull, "by and through his agent"
20 Defendant Parker committed "fraud upon Plaintiff in open court" because Defendant Parker
21 violated the "attorney client privilege by [e]ntering into evidence as testimonial evidence."
22 Plaintiff alleges that Defendant Krull failed to adequately supervise Defendant Parker.  In
23 Count Two, Plaintiff claims Defendant Parker committed "fraud upon Plaintiff in open court"
24 because Defendant Parker violated the "attorney client privilege by [e]ntering into evidence
25 as testimonial evidence."

26 In Count Three, Plaintiff asserts that Defendant Thomas, "by and through" Defendant
27 Brock, "failed to object to illegal [e]ntry of evidence not set forth in formal charges . . . not
28

- 3 -

1 heard by a jury concerning proof of guilty necessary to establish necessary facts to impose
2 sentence." Count Four is identical.

3 In his Request for Relief, Plaintiff seeks monetary damages.

## IV. Failure to State a Claim

### A. Defendants Krull and Parker

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. A public defender or court-appointed attorney representing a criminal defendant does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (*per curiam*) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."). Thus, the Court will dismiss Plaintiff's claims against Defendants Krull and Parker.

### B. Defendants Thomas and Brockel

Prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." Buckley, 509 U.S. at 270. Thus, the Court will dismiss Plaintiff's claims against Defendants Thomas and Brockel.

**IT IS ORDERED:**

(1) Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. 5) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.59.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

1      (4)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

    (5)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 14th day of 2011.

_____
Robert C. Broomfield
Senior United States District Judge

- 5 -